# JACOB A. BUSH *et al.*

### *v.*

# NANCY CONNELLY *et al.*

1. PARTIES — *who may join in the enforcement of a mechanic's lien.* Several parties cannot join in a proceeding to enforce a mechanic's lien unless they have a joint interest in the subject matter of the suit.

2. So, where the persons were partners, and as such contracted to build a house, and upon a settlement a note was given to one of the partners for a certain portion of the price, and to the other two for the residue, it was held that the interest of the one who received the note to himself alone thereby became severed from the other two, and they could not, therefore, join in a proceeding to enforce their mechanic's lien, but must proceed separately, according to their respective rights, as fixed upon the settlement.

3. ALLEGATIONS AND PROOFS — *must correspond.* In all cases, the allegations and proofs must agree; a party cannot make one case by his pleading and another by his evidence, and recover.

4. So, where it was alleged in a bill to enforce a mechanic's lien, that the work was to be paid for when fully completed, and the proof was that it was to be paid for by a stipulated time, it was *held,* no recovery could be had, because the contract alleged was different from the contract proved.

5. MECHANIC'S LIEN — *time to be allowed by decree for payment of money.* Under the mechanic's lien law, where there is no redemption from a sale, less than ninety days should not be prescribed for the sale, in a proceeding to enforce the lien, in analogy to the life of an execution.

6. SETTING ASIDE DECREE *of former term. Semble,* it is improper to set aside a decree duly entered at one term, on the mere motion of the court at a subsequent term.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

This was a suit in chancery instituted in the court below by Jacob A. Bush, George Benhart and John S. Eller, against Nancy Connelly and others, heirs-at-law of David J. Connelly, deceased, to enforce a mechanic's lien.

It is alleged in the bill that the complainants were partners, doing business under the firm and style of Bush & Benhart, as carpenters and joiners. That on the 15th day of October, 1857, they entered into a contract with David J. Connelly, since deceased, to do the carpenters' and joiners' work upon a dwelling about being erected by Connelly upon a certain tract of land owned by him. That Connelly agreed to pay them the sum of six hundred and fourteen dollars when the work should be fully completed; the work to be commenced some time in the month of January following, and to be fully completed within one year from that date. It is further alleged in the bill, that in pursuance of that contract the complainants commenced the work at the time agreed upon, and finished it on the 27th day of September, 1858, when it was accepted and approved by Connelly. Other work was done by the complainants not embraced in this contract, and finally, in April, 1859, a settlement was had between the parties, upon which it was ascertained that, after deducting payments made by Connelly, he

was indebted to the complainants in the sum of $131.71, for which Connelly executed his note to the complainant Eller, due three months after date. Subsequently another settlement was had respecting work done by complainants not embraced in the contract first named, when there was found to be due the complainants a balance of $89, for which Connelly gave his note to two of the complainants, Bush and Benhart, payable thirty days after date.

Connelly having died, his heirs are made parties defendant, and also one Redmon, a subsequent incumbrancer.

The cause came on to be heard upon bill, the answers of a part of the defendants, and the proofs, and at the May Term, 1862, of the court below, a decree was rendered, reciting that it having been proved to the satisfaction of the court, that on the 15th day of October, 1857, one David J. Connelly, late of said county, deceased, being the owner in fee simple of and to the property described in the petition, and having in progress the erection of a dwelling house thereon, employed the said petitioners to do the necessary carpenters' and joiners' work thereon, and that in October, 1858, the said David J. Connelly, still being the owner in fee simple of said estate, employed petitioners to erect thereon one wagon shed, one chicken house, several garden gates and garden and yard fences; that by the terms of said first contract said work was to be fully completed within one year from the date thereof, and fully paid for by the 27th day of December, 1858, and that, by the terms of said last mentioned contract, said last work was to be done by the day and paid for as the work progressed, and fully paid for on the 18th day of May, 1859, and that petitioners, in pursuance of and in compliance with the terms of said contract, performed the labor aforesaid, and that said labor was bestowed upon said buildings, and erected for said Connelly on said real estate, and amounted to the sum of $1,213$\frac{95}{100}$, and that there remains due petitioners, on account of said labor $269$\frac{65}{100}$; that said David J. Connelly departed this life intestate about 7th day of May, 1859, leaving said Nancy Connelly, his widow, and said Clara Connelly, and Narcissus Connelly, his only heirs-at-law, and legal representa-

29 — 33D ILL.

tives him surviving; that said Samuel Connelly duly adminis-
tered on said estate; that in the month of April, 1859, said
David J. Connelly executed a mortgage on said real estate to
defendant George Redmon.

Decree orders that adult defendants Nancy Connolly, Samuel
Connelly and George Redmon, pay to petitioners said sum of
$269$\frac{65}{100}$ and costs of suit, within thirty days of its rendition,
and that petitioners have a lien upon the premises, and if
default be made in the payment of said sum, the master in
chancery sell the real estate and premises described in said peti-
tion at public vendue, at the door of the court house in Charles-
ton, first giving notice of the time and place of such sale in
manner required by sheriffs in sales by virtue of executions,
and that he execute a deed or deeds conveying said property to
the purchaser in due form of law, and that the master in chan-
cery pay into court the money arising from such sale as afore-
said, that it be applied to the payment of petitioners' debt and
the costs of this proceeding, and that he report to the next term
of court, to which time this cause is continued, &c.

At the October Term, 1862, of the Circuit Court, the follow-
ing order was entered:

"Ordered by the court, that the decree of sale of last term be
set aside, the same having been entered from a misapprehension
of the facts by the court, who having been of counsel for defend-
ants was induced to withdraw his resistance to a decree being
rendered by the statements of the counsel for the complainants.
As understood by the court, his clients had no further interest in
the matter, the property having been sold and passed into other
hands.

"It is, therefore, ordered and decreed by the court, that the
costs of setting aside proceedings and decree of last term be paid
by adult defendants, and that said cause be continued, with leave
to answer by next term of court, &c."

The cause is brought to this court upon writ of error by the
complainants below, who allege there was error in the action of
the Circuit Court in setting aside the decree entered at a former
term.

The defendants assigned cross errors as follows:

1st. The court below erred in rendering any decree upon the petition filed, because the same is insufficient in the law.

2d. The court erred in rendering a decree on the evidence adduced.

3d. The court erred in ordering a sale of the premises in less than ninety days.

Mr. C. M. McLain, for the plaintiff in error.

Mr. John Scholfield and Messrs. Ficklin & Moore, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

Without passing upon the propriety of setting aside a decree duly entered at one term, on the mere motion of the court at a subsequent term, it is sufficient to a proper disposition of the case to say, that the original decree is in several respects erroneous, and should be reversed.

In the first place, the complainants by their own showing have no community of interest in the subject matter of the suit. Their interests have been severed by the settlement of the building accounts, and the indebtedness distributed among the contractors, and separate notes executed to the separate parties for the respective amounts due. By the complainants' own showing, Eller has no interest in the note executed to Bush & Benhart, nor have they any interest in the note executed to Eller. They are separate and independent claims, and should have been sued for separately. No joint interest is shown, and consequently, the demurrer should have been sustained. *Sutherland et al.* v. *Ryerson*, 24 Ill. 517. The parties here do not show they are jointly entitled to a lien on the premises, but the contrary.

In the next place, the contract for joiners' work as alleged is different from the contract proved. It is alleged in the petition that the work was to be paid for when fully completed, whereas the proof is, it was to be paid for by the twenty-seventh of December, 1858, as recited in the decree. It is a settled rule in all

cases, that the allegations and proofs must agree; a party cannot make one case by his pleading and another by his evidence, and recover. *Rowan* v. *Bowles et al.,* 21 Ill. 17, and cases there cited.

In the last place, the decree is erroneous because it directs a sale of the premises in thirty days. This court has repeatedly held, that under the mechanics' lien law when there is no redemption from a sale, less than ninety days should not be prescribed for the sale, in analogy to the life of an execution. In the case of *Link* v. *Architectural Iron Works,* 24 Ill. 553, this court said: "In no case should the sale be ordered at a shorter period than the lifetime of an execution at law. The same rule is furnished in *Strawn* v. *Cogswell,* 28 id. 457.

The decree is reversed and the bill dismissed, and the defendants' abstract to be taxed as costs against the complainants and plaintiffs in error.

*Decree reversed.*