J. A. Treat Lumber Company and another vs. Warner and another, imp.

*February 27 — March 18, 1884.*

Mechanic's Lien: Contracts: *(1) Joint liability of several owners: Joinder of plaintiffs. (2) Statute of frauds.*

1. The owners in severalty of contiguous lots contracted jointly for the erection of a building thereon, and subsequently promised to be responsible for materials therefor furnished to the contractor. In an action to enforce liens for materials so furnished, *held:*

    (1) Such owners were jointly liable and were properly joined as defendants.

    (2) Material-men who had filed separate petitions for liens on the building were properly joined as plaintiffs. R. S., sec. 3321.

2. The materials for such building having been furnished on the credit of the owners, their promise to pay therefor was not within the statute of frauds.

APPEAL from the Circuit Court for *Outagamie* County.

Action to enforce liens for materials furnished by the plaintiffs and used in the construction of a building built for the defendants *Warner* and *Meyer* by the defendant Dean. Each of the plaintiffs had filed a several petition for a lien. The defendant Dean failed to answer.

There was a special verdict in which it was found, among other things, that there was due to the plaintiff, the *J. A. Treat Lumber Company*, for materials furnished to the defendants, at their special instance and request and upon the faith of their joint promise to pay therefor, to be used in the construction of said building, the sum of $509.60; and to the plaintiff *W. H. Carter*, for materials so furnished, the sum of $404.33. Judgment was entered upon such verdict, in substance, that the plaintiffs recover of the defendants the sum of $100.72 costs; that the *J. A. Treat Lumber Company* recover of the defendants the sum of $509.60 damages, and interest; that *W. H. Carter* recover of said defendants the sum of $404.33 damages, and interest; that the aforesaid several sums are a lien, under ch. 143, R. S., on the building; that the building (or so much thereof as may be necessary, and which may be sold separately and without injury) be sold; that, after deducting the costs of the sale, the sheriff pay to the plaintiffs the sum of $100.72, the costs of the action, and then pay to the plaintiffs severally, without priority, the sums adjudged to them respectively, and deposit the surplus with the clerk; that, if the proceeds of the sale be insufficient, after paying the costs of the sale and of the action, to pay the plaintiffs in full, they be paid *pro rata*, and judgment for the deficiencies in the several amounts be rendered against the defendants.

From that judgment the defendants *Warner* and *Meyer* appealed. Other facts are stated in the opinion.

For the appellants the cause was submitted upon a brief signed by *Henry D. Ryan*, attorney for *Warner*, and *William*

*Kennedy*, attorney for *Meyer*. They contended, *inter alia*, that the joint personal judgment against the appellants was erroneous. In this case there is both a personal judgment and for a lien, when a personal judgment can only be rendered in case proceedings are insufficient to support a lien. R. S., sec. 3324; *More v. Ruggles*, 15 Wis., 275; *Moritz v. Splitt*, 55 id., 441.

*H. Pierce*, for the respondents.

Orton, J. This case, as presented to this court, is very voluminous, and yet is very plain and simple in respect to the legal questions involved. It is, in short and substance, that the defendants *Warner* and *Meyer* entered into a contract with the defendant *Dean* to build and construct for them a building on a part of a city lot which belonged to them in severalty; the building to have a common hall in the center. Dean, the contractor, wished to obtain lumber for said building from the *J. A. Treat Lumber Company*, and brick from the plaintiff *Carter*. After the plaintiff, the lumber company, had furnished a small part of the lumber, it refused to furnish any more unless the defendants would be responsible for payment, and the evidence tends to prove that the defendants did so agree in respect to past as well as future lumber delivered or to be delivered, and to pay the same on the order of the contractor, Dean. The defendants did pay said plaintiff more than the past indebtedness of Dean to it for lumber, and this suit for a mechanic's lien on the building is for that which was afterwards furnished by the company on the credit of the defendants. In respect to the plaintiff *Carter*, the testimony tends to show that the defendants promised jointly to pay him for the brick he should furnish for the building, and that he did so furnish the brick on their credit alone.

The contracts and payments and all other facts were submitted to the jury under a charge from the court, which

appears to have been perfectly fair and very full and explicit, and there appear to be no erroneous instructions in relation to the law or the facts in it. Most of the errors assigned relate to the misjoinder of the plaintiffs and defendants as being severally interested. It is not perceived in what respect the defendants are severally interested, so far as the plaintiffs are concerned. They jointly contracted with Dean, and jointly agreed to pay the plaintiffs for the lumber and the brick which entered into the construction of the buildings. They may not have promised to the plaintiffs as being joint in their interests, but they jointly promised the plaintiffs individually, and according to the interest of each. The defendants were clearly joint contractors. They had the building constructed on their several and contiguous parts of a city lot, and the lumber of one of the plaintiffs and the brick of the other went indiscriminately into the building on one side or the other. This makes the building joint in respect to these plaintiffs in every respect, and makes it liable to the lien. The interest in the lot may have been in several, but the building is joint property so far as these contracts and the lien of the mechanics are concerned. It may be that the defendants promised separately and not in the presence of each other, but that can make no difference, when they both promised in respect to their joint enterprise. As to the separate interests of the plaintiffs, they could not probably have sued jointly in law, but the statute unites them in respect to their mechanics' liens, (sec. 3321, R. S.), and they are required to unite in the action. There is a several personal judgment, but joint judgment of lien. It is a suit in equity, and that all persons interested should join is a familiar principle.

As to the law of the case further, that part of the agreement relating to lumber already delivered on the credit of Dean, the contractor, may have been invalid by the statute of frauds, (a question, however, we do not decide, in a case

where the owners of the building, subject to the lien of the plaintiff for the materials entering into the same, make the promise as to past indebtedness). But it appears in this case that such past indebtedness of the defendants to the plaintiff lumber company had long since been paid by them, and so does not enter into this case. This suit is for lumber delivered after the defendants became responsible to pay for the same and before such lumber was delivered solely on their credit. As to the plaintiff *Carter*, all of his material was delivered after such agreement by the defendants to pay for the same.

This is really all there is of this voluminous case, and the law involved in it is either statutory or elementary, and no authorities need be cited other than as above. The case seems to have been fairly and fully tried by an able court, very able counsel, and the jury seems to have arrived at a correct verdict. The case being in equity, errors as to the admission of evidence or of instructions to the jury cannot be assigned as in an action at law. But the governing principles of both law and equity in the case are, of course, subject to review in this court. We are unable to see in what respect the judgment is not strictly correct.

*By the Court* — The judgment of the circuit court is affirmed.