Krotz v. A. R. Beck Lumber Co.

---

## KROTZ ET AL. v. A. R. BECK LUMBER COMPANY ET AL.

[No. 4,992.   Filed February 15, 1905.]

1. QUIETING TITLE.—*Right of Recovery.*—Plaintiff must recover, in an action to quiet title, upon the strength of his own title and not upon the weakness of defendant's.   p. 585.

2. JUDGMENT.—*Estoppel.*—*Parties.*—A judgment in an action binds only the parties thereto.   p. 585.

3. QUIETING TITLE.—*Burden to Show Title.*—*Defenses.*—In an action to quiet title the burden is upon plaintiff to prove title, and the defendant may prove any defense, whether legal or equitable, under the general denial.   p. 586.

4. MECHANICS' LIENS.—*Foreclosure.*—*Persons Having Interest Not Made Parties.*—Where persons known by the plaintiff to have interests in an action to foreclose a mechanic's lien are not made parties to such foreclosure, a decree of foreclosure therein is, as to such persons, a nullity.   p. 586.

5. QUIETING TITLE.—*Mechanics' Liens.*—*Judicial Sales.*—*Validity.*—Where plaintiff brings suit to quiet title, and his title consists of a sheriff's deed on a sale under the foreclosure of a mechanic's lien, the burden is upon the plaintiff to show that such lien and the sale thereunder were within the statutory requirements.   p. 587.

6. SAME.—*Special Findings.*—*Mechanics' Liens.*—*Sale.*—Where an action was brought to quiet title acquired by virtue of a sale under

VOL. 34—37

the foreclosure of a mechanic's lien, and the special finding shows that the legal owner had nothing to do with the erection of the building wherein the material was furnished, that the notice of the lien stated no amount, nor to whom notice was given, nor the character of the debt for which the lien was claimed, there is a failure to show that there was a compliance with the statute.    p. 590.

7.   TRIAL.—*Special Finding.*—*Conclusion.*—A finding that a notice filed to acquire a mechanic's lien was in "proper form and duly and legally recorded" is a conclusion.   Substance is required by the law and not merely form.   p. 591.

8.   MECHANICS' LIENS.—*Material Man's.*—*Priorities.*—The lien of a material man is effective from the time materials are furnished, and it has priority over subsequent liens except the liens of other material men and mechanics, which are all on an equality.   p. 591.

9.   EXECUTION.—*Sale.*—*Rights of Purchaser.*—*Secret Equities.*— Where the plaintiff in an execution sale buys the property in good faith, he is not bound by secret equities, but occupies the same position as any other purchaser in good faith.—p. 591.

10.   MECHANICS' LIENS.—*Owner.*—*Party in Possession.*—*Rights of.*— *Notice.*—Where a mechanic furnishes labor for the holder of the legal title to real estate, but another person is in open possession, such mechanic takes the risk of whatever interest such possessor may have, the duty devolving upon such mechanic to ascertain the nature of such possessor's occupancy, the occupancy itself being sufficient notice to put him upon inquiry.   p. 592.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by the A. R. Beck Lumber Company and another against Charlotte Krotz and others.   From a judgment for plaintiffs, defendants appeal.   *Reversed.*

*Frank E. Osborn* and *W. A. McVey,* for appellants.
*N. L. Agnew* and *Henry E. Cutler,* for appellees.

MYERS, J.—This action was commenced by the appellees against the appellants and others in the court below to quiet title to ten acres of real estate adjoining the town of Wellsboro, in Laporte county, Indiana.   The complaint was in two paragraphs.   The judgment is based upon the first paragraph.   In the first paragraph of complaint the appellees aver that they are the owners in fee simple of the real estate; that appellants and others are claiming some interest therein, which is unfounded and adverse and a cloud

 
upon appellees' title. To each of appellees' paragraphs of complaint the appellants and other defendants thereto separately answered by general denial, and also by separate and several affirmative paragraphs of answers, and also by a counterclaim. Issues were formed, and the cause submitted to the court for trial, and at the request of each of the parties the court made a special finding of facts, and stated a conclusion of law thereon.

The finding of facts is, in substance, as follows: That on August 15, 1895, Charles F. Wells, a bachelor, was owner in fee of ten acres of land, described by metes and bounds; that on August 15, 1895, said Wells conveyed said real estate to Shadrach H. Carey by deed duly recorded on August 16, 1895; that on June 15, 1895, Charlotte Krotz bought said real estate of said Wells, and went into immediate possession of the same; that no conveyance by deed was made to her by Wells; that said Shadrach H. Carey advanced money to her with which to pay for said real estate, and that, as a security to him for the repayment of said money, the conveyance herein above found was made by said Wells to said Carey, pursuant to agreement between said parties, and at the request of said Charlotte Krotz; "that on July 28, 1895, said Carey and the defendant Charlotte Krotz duly prepared, executed and acknowledged a plat or map of all of said real estate, designating the same as 'Krotz' addition to Wellsboro,' which plat is as follows: [Here follows the plat of the real estate, together with a description of said ten-acre tract. The plat shows the streets, alleys, blocks, lots, size of the lots and width of the streets. The plat was signed and properly acknowledged on the 18th day of July, 1895, and filed in the recorder's office of Laporte county on December 19, 1895.] That some time between July, 1895, and April, 1896, said ten-acre tract was, by the owners thereof, actually and physically divided into blocks and lots and public highways as indicated, and that said lots, as platted, were staked out, and said highways

graded, by throwing the earth from the outer edges of the same upon and along the center lines thereof;" that on and between September 17, 1895, and September 20, 1895, said Carey, then unmarried, sold and conveyed by deed, for a valuable consideration, certain parts or portions of said tract of real estate, describing the land so sold as lots in certain blocks in Krotz' addition to the town of Wellsboro, which deeds were recorded December 21 and 23, 1895, and on January 11, 1896; that on and between October 14 and December 18, 1895, Charlotte Krotz and Charles W. Krotz, her husband, sold and conveyed for a valuable consideration certain parts of said ten-acre tract, and in the deeds of conveyance described the same as lots in certain blocks of said Krotz' addition to the town of Wellsboro, which deeds were recorded on December 9 and 19, 1895; that upon September 2, 1895, said Carey, then unmarried, sold and conveyed a number of lots in said addition to one Harry B. Lewis, who, on September 7, 1895, in the same manner conveyed the same lots to Sylvester Mill; that neither of said deeds was ever recorded; that upon said last date Sylvester Mill and wife mortgaged the same lots to Lewis, to secure the payment of $1,000, which mortgage was recorded September 21, 1895; that on October 10, 1895, the appellee "Charles E. Foster entered into a contract with said Charlotte Krotz, through her agent Charles W. Krotz, to furnish certain material to be used in the construction of a factory building; that said material was furnished and used to the extent of $225 in the construction of a building upon that portion of said real estate now designated on said plat as lots one, two, three and four in block five, and lot one in block six; that on the 1st day of October, 1895, the plaintiff A. R. Beck Lumber Company entered into a contract with said last-named person, through her agent, to furnish certain material to be used in the construction of said building; that said material was furnished and used, to the extent of $——, in the construction of said building so situated as

aforesaid; that on the 15th day of November, 1895, and
within sixty days of the furnishing of said material as
aforesaid, each of the plaintiffs filed his and its notice of
intention to hold a mechanic's lien upon said real estate and
the buildings thereon, which notices were in proper form,
and duly and legally recorded; that on the 19th day of De-
cember, 1895, said plat, as hereinbefore found, as executed
by said-Carey and said Charlotte Krotz, was duly and le-
gally recorded in the recorder's office in said county; that on
January 24, 1896, said Charles E. Foster commenced suit
in the said Laporte Circuit Court against said Shadrach H.
Carey, Charles W. Krotz, Edmund N. Lewis, ————
Gardner, whose real Christian name is unknown, ————
Bob, whose real Christian name is unknown, John A. Gran-
ger & Son, and the A. R. Beck Lumber Company and others,
and no others were made, at any time, parties to said suit;
*   *   *   that on January 24, 1896, said A. R. Beck Lum-
ber Company commenced suit in the said Laporte Circuit
Court" against the same parties made defendant by Charles
E. Foster in his suit, except Charles E. Foster is made de-
fendant to the action by said lumber company, and no others
were ever made parties to this suit; that on May 4, 1896,
said Shadrach H. Carey and wife conveyed by proper deed
to Charlotte Krotz lots one, two, three and three and one-
half in block five and lot one in block six, being the lots
the factory building now stands on in block five; that this
deed was duly recorded on November 24, 1896; that on De-
cember 4, 1896, said Carey and wife, by deed duly executed,
conveyed all of said ten-acre tract to Charlotte Krotz and
Charles W. Krotz, describing same by lots and blocks in
Krotz' addition to the town of Wellsboro, except such lots
and blocks theretofore conveyed to divers persons by said
Carey, which deed of conveyance was duly recorded De-
cember 8, 1896; that on June 26, 1896, the defendant Her-
bert M. Adams, before a justice of the peace, recovered judg-
ment against Charles W. Krotz and Charlotte Krotz for

$100, and $22.90 costs; "that a duly certified transcript of said proceedings and judgment was filed in the office of the clerk of the Laporte Circuit Court, and said transcript was recorded in the order-book, and said judgment in the judgment docket of said court on August 10, 1896; that said judgment remains wholly unsatisfied and unpaid; that on June 11, 1897, said Charlotte Krotz and Charles W. Krotz, her husband, sold and conveyed, and duly executed and delivered a proper deed of conveyance, in consideration of the sum of $150, to said Herbert M. Adams, lot nine in block one in Krotz' addition, so marked and laid down as aforesaid," which deed was duly recorded October 19, 1897; that on August 7, 1897, Carey and wife duly executed and delivered a quitclaim deed, conveying to said Herbert M. Adams said lot nine, which deed was duly recorded October 19, 1897; that on November 3, 1897, the appellant Jordon W. Vincent, in the Laporte Circuit Court, recovered a judgment against Krotz and Krotz and one Alvan Blakey for $60, which judgment is wholly unpaid; that on said November 3, 1897, the appellant Asa M. Northam duly recovered in the Laporte Circuit Court a judgment against Krotz and Krotz and Blakey for $29, which judgment is unpaid; that said judgments, in and by their terms, were made liens upon the property of the defendants, against which they were rendered, from October 26, 1897; that on November 4, 1897, the appellant Joseph Graw recovered judgment in the Laporte Circuit Court against Charlotte Krotz for $181.10, which remains wholly unpaid, and that an order of sale was issued on said judgment November 30, 1897, which has never been returned; that on August 7, 1896, the firm of Edson Wright & Son, upon a contract with Charles W. Krotz, Charlotte Krotz and Shadrach H. Carey, furnished brick for use, and the same were used, in the construction of a building on lots one, two and three in block five in said Krotz' addition to Wellsboro, and that the brick so used were of the value of $63; that on said last date said firm—Edson

Wright & Son—duly filed in the recorder's office of said Laporte county for record a written notice of their intention to hold a mechanic's lien for said $63.on said land and on said building, which notice was on said date duly recorded; that on August 1, 1897, said firm filed its complaint in the Laporte Circuit Court against Charlotte Krotz, Charles W. Krotz, Shadrach H. Carey, Charles E. Foster, Charles Kirk and the People's Loan & Savings Association, praying for the foreclosure of its lien against all said persons; that all said land be sold, etc.; that summonses for all said parties were duly issued, and on September 28, 1897, said Charles E. Foster and Charles Kirk appeared to said action, and the same is still pending and undisposed of, and is in nowise settled; that the plaintiff A. R. Beck Lumber Company knew and had actual knowledge on October 1, 1895, and before the delivery of any lumber by it, and from thence on, that said plat of said ten-acre tract, as hereinbefore found, had been executed, as hereinbefore found, by Shadrach H. Carey and Charlotte Krotz; that on December 26, 1899, the actions by appellees to foreclose their mechanic's liens on said ten-acre tract of real estate were, by order of the court, consolidated, and such proceedings were had that on said last date judgment was rendered in said actions against all the defendants thereto in favor of the appellees for the sum of $514.32, and that said ten-acre tract of real estate be sold by the sheriff of said county, and that all the rights of the defendants to said actions be foreclosed; that thereafter an order of sale was duly issued on said judgment and decree, and on the 27th day of February, 1900, said ten-acre tract was, by the sheriff, sold in a body to A. R. Beck Lumber Company and Charles E. Foster, jointly, for $751.43, and a certificate of sale duly issued to said purchasers for the real estate; that said real estate so sold by the sheriff was not offered for sale in parcels, but said sheriff first offered the rents and profits of said ten-acre tract for sale, and, receiving no bid therefor, im-

mediately offered the fee simple of the entire ten-acre tract
for sale, and sold the same as aforesaid; that said ten-acre
tract had been divided and platted, as hereinbefore found;
that on January 30, 1901, the sheriff made and executed
a sheriff's deed for said land to the purchasers, Charles E.
Foster and A. R. Beck Lumber Company, upon their sur-
render of said certificate of purchase; that said Charlotte
Krotz was the wife of said Charles W. Krotz, and he acted
as her agent in the purchase of lumber and material men-
tioned in appellees' complaint to foreclose their liens, and
that in all things done by said Carey in relation to said land
he acted as the agent of said Charlotte Krotz, by and with
her authority and consent, and that said Shadrach H. Carey
had such possession of said real estate as was had by any
person as the agent of said Charlotte Krotz; that the *lis
pendens* record of said county shows no notice of the com-
mencement or pendency of said actions by plaintiff herein to
foreclose their said liens; that at all times herein mentioned
said Charlotte Krotz was a nonresident of Indiana, and re-
sided at Defiance in the state of Ohio; that the plaintiff
Charles E. Foster was present at said factory building
on said real estate about October 10, 1895, at the time of
taking the order for the material which he afterwards fur-
nished for said building, and for which the lien on which
his claim herein is based was filed. The foregoing finding
of facts was filed February 10, 1903.

On the 10th day of July, 1903, the court filed the follow-
ing conclusion of law on its special finding of facts: "That
the plaintiffs are the owners in fee simple of the real estate
described in their complaint herein, and against all the
defendants and all persons by, through or under them, and
entitled to a decree quieting their title to said real estate
accordingly," to which conclusion of law the appellants
jointly and also separately and severally excepted, and there-
upon separately and severally, in writing, "moved the court
to state an appropriate conclusion of law upon each issue

made by the pleadings in the above-entitled cause," which motion was by the court overruled, and judgment was entered quieting the title of appellees as owners in fee simple of said ten-acre tract of real estate—particularly describing same by metes and bounds—against all rights and claims of each of the defendants, and all persons claiming under or through them.

This is a term-time appeal. No question is presented on the pleadings. The evidence is not in the record. It is admitted by counsel for appellants that the joint error assigned presents no question, nor does the separate error assigned by Shadrach H. Carey present any question, as it appears from the record that he had disposed of all his interest in the real estate prior to the commencement of this suit. Each of the other appellants has assigned separate and several errors as follows: "(1) The court erred in the conclusion of law stated upon the special finding of facts. (2) The court erred in overruling his [or her, as the case may be] motion for an appropriate conclusion of law upon each issue made by the pleadings."

1. This being an action to quiet title to real estate, the plaintiffs must recover upon the strength of their own title, regardless of appellants' title. *Graham* v. *Lunsford* (1897), 149 Ind. 83; *Wilson* v. *Johnson* (1896), 145 Ind. 40. This rule is so well established that it is unnecessary to cite further authorities in its support.

2. Under the special finding of facts in this case, it appears that whatever title appellees have in or to the real estate in question is based upon the title received by them by virtue of a sheriff's deed of date January 30, 1901. This deed was the culmination of an action brought by appellees on January 24, 1896, to foreclose a mechanic's lien held by them on the premises in question, and to which action none of the appellants here were parties, except Shadrach H. Carey and Charles W. Krotz. The law is well settled that only parties to an action in which a judgment is ren-

dered are in anywise bound or estopped by such judgment. *Price* v. *Gwin* (1896), 144 Ind. 105; *Deming-Colborn Lumber Co.* v. *Union, etc., Loan Assn.* (1898), 151 Ind. 463; *Gaskell* v. *Viquesney* (1890), 122 Ind. 244, 17 Am. St. 364; *Hassall* v. *Wilcox* (1889), 130 U. S. 493, 9 Sup. Ct. 590, 32 L. Ed. 1001; *Lampson* v. *Bowen* (1877), 41 Wis. 484; *Raymond* v. *Ewing* (1861), 26 Ill. 329.

3. In the case at bar the burden was upon appellees to establish their title to the real estate in question upon the theory of their complaint, and, unless the special finding of facts show such a title, the conclusion of law stated by the court is erroneous. Under the general denial, all defenses, either legal or equitable, are admitted. By the complaint of appellees the appellants were called upon to assert any and all claims, interest, liens or title, either legal or equitable, they claimed or had in or to the real estate in question; and, failing to do so, they would be forever barred. *Reed* v. *Kalfsbeck* (1897), 147 Ind. 148; *Kaufman* v. *Preston* (1902), 158 Ind. 361.

4. It seems to be the settled law in this State that all parties who acquire any right, title, interest or lien in or to real estate prior to the commencement of a suit to foreclose a mechanic's lien thereon, and of which the party so foreclosing has actual or constructive notice at the time of beginning such suit, must be made parties thereto, or a sale of the land under a decree rendered in such proceedings will be, as to such parties, a nullity. *Marvin* v. *Taylor* (1866), 27 Ind. 73; *Gaskell* v. *Viquesney, supra; Daugherly* v. *Deardorf* (1886), 107 Ind. 527. In our opinion, all of the appellants who were not parties to the mechanic's lien foreclosure suit were authorized to go behind the decree foreclosing appellees' lien, and contest the validity of the lien, as well as the proceedings thereon leading up to the execution of the sheriff's deed. Phillips, Mechanics' Liens (3d ed.), §241. In Boisot, Mechanics' Liens, §670, the author says; "If one in actual possession

under an unrecorded deed at the beginning of an action to enforce a mechanic's lien is not made a party thereto, he is not affected by the decree rendered therein."

5.   As was said by the court in *Clark* v. *Huey* (1895), 12 Ind. App. 224: "It has not been the policy of the courts to require from the mechanics and material men more than the statute itself demands," and that the statutes are entitled to a liberal construction in favor of the lien holder, yet it is not meant by this statement to say to a party who seeks to avail himself of the benefit of a purely statutory right that he is not to bring himself fairly within its provisions. As the appellees' title is founded upon the validity of their statutory liens, and the proceedings which followed thereon, the burden was upon them to show that they were within the statutory requirements.   *Caylor* v. *Thorn* (1890), 125 Ind. 201.   In *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250, 11 L. R. A. 740, the court said: "If the claimant does what the statute requires he obtains a lien, and in order to enforce the lien the law declares what shall be done; but over the question of enforcement the lienor has no control.   If he obtains a lien in the authorized mode he has a right to have it enforced as the law directs, and not otherwise.   The claimant must undoubtedly do what the statute commands; but when he does this his right is complete, and subsequent considerations affect the mode of procedure, not the substantive right to a lien."   Citing authorities.   In Phillips, Mechanics' Liens (3d ed.), §233, it is said:   For the acquisition of the statutory lien the statute itself must be strictly pursued; and there is in this no inequity, as the party claims a right not existing at common law, and the benefits of a summary proceeding for the enforcement of that right."   "It is the law and not the contract which gives the lien." *Davis & Rankin, etc., Mfg. Co.* v. *Vice* (1896), 15 Ind. App. 117; *Clark* v. *Huey, supra.*

Do the facts as found by the court in the case at bar affirmatively show a full compliance by appellees with our

statute authorizing mechanics' liens, and their enforcement? Section 7255 Burns 1901, Acts 1899, p. 569, §1, provides who may have a mechanic's lien, and for what and on what such lien may be had. Section 7256 Burns 1901, Acts 1889, p. 257, §2, gives the "lien to the extent of all the right, title and interest owned therein by the owner thereof, for whose immediate use or benefit such labor was done or material furnished," and §7257 Burns 1901, Acts 1889, p. 257, §3, provides that "any person wishing to acquire such lien upon any property * * * shall file in the recorder's office of the county, at any time within sixty days after * * * furnishing such materials, * * * notice of his intention to hold a lien upon said property for the amount of his claim, specifically setting forth the amount claimed, and giving a substantial description of said lot or land on which the house, mill, manufactory, or other building * * * may stand or be connected with. Section 7258 Burns 1901, Acts 1883, p. 140, §4, provides for the recording of the notice, and that the lien "so created shall relate to the time when the mechanic or other person began to perform the labor or furnish materials." Section 7259 Burns 1901, Acts 1889, p. 257, §6, provides for the enforcement of the lien by sale of the property, etc.

Appellees insist that, the legal title being in Carey at the time they began suit to foreclose their liens, he was, as to them, the owner of the land, and whatever rights the appellant Charlotte Krotz had in the real estate were in the nature of a secret equity, of which they had no knowledge, and therefore not binding upon them. A reference to the special finding will show that Charlotte Krotz was in the full possession of the land at the time the material used in the building on the land was furnished; and that the material was furnished to her for the purpose of erecting a factory building. Nowhere in the special findings does it appear that the material furnished by appellees for the con-

struction of a building on the land was at the request or for the immediate use or benefit of the owner of the legal title, or that he had anything whatever to do with contracting for the material for which appellees claimed a lien. All of the appellees' dealings were with Charlotte Krotz, and here we might say the language used by Mr. Phillips is particularly applicable.

"The rule of *caveat emptor,* therefore, applies against a mechanic as well as in the case of a vendee. If a contractor proposes erecting a building, furnishing materials, or putting labor on a lot of ground, it behooves him to examine and assure himself of the fact that the person with whom he contemplates making the contract, or for whose benefit he is about to employ his means or labor, has such an interest or title, unencumbered, as will enable him to avail himself of a valid or efficient lien. Under the system of registration in this country, a little diligence will always impart to a person the requisite information; and, if he fails to inform himself, the law will not relieve him against the consequences of his own negligence. In these cases the mechanic was put on inquiry by the fact that his employer had no title, and consequently he entered into the building contract subject to the equities existing between the parties, which equities he might have discovered by reasonable inquiry." Phillips, Mechanics' Liens (3d ed.), §232.

Jones, in his work on liens, says: "The equitable owner can not make a contract which will subject the estate of the legal owner to a lien, though he can subject his equitable interest to a lien; and when the lien is enforced by sale, the sale is subject to the rights of the legal owner." 2 Jones, Liens (2d ed.), §1244. Again the same author says: "In general, it may be said that only the interest of the contracting party can be subjected to the lien; and if he has no interest, there is nothing to which the lien can attach. But one in possession of land under a contract of purchase

has an interest in the land, and, if he erects a building thereon, this interest is chargeable with a lien in favor of a material man or laborer." 2 Jones, Liens (2d ed.), §1245.

6.   It appears from the facts as found by the court that the appellees furnished material under a contract with Charlotte Krotz, to be used in the construction of a factory building on the real estate as described in appellees' complaint, and that it was so used; that appellees, within sixty days after furnishing the material, filed notice of their intention to hold a mechanic's lien upon said real estate and the building thereon; that the "notices were in proper form, and duly and legally recorded;" that appellees commenced their suits to foreclose their liens on January 24, 1896; that on December 26, 1899, they recovered judgment against the defendants to such suits, and also a decree foreclosing their lien. No other ultimate or evidentiary fact is found by the court showing or tending to show appellees' compliance with the mechanic's lien statute. These facts are not sufficient. Assuming that Carey was the owner of the real estate, there is no fact found showing that Charles W. Krotz or Charlotte Krotz had in any manner or form contracted with Carey to erect any house or factory building on the real estate, or that the building for which appellees furnished material was in any way for the use or benefit of the owner of the real estate. Nor does the finding show that the notice by appellees of their intention to hold a lien on the building and the real estate in question, and filed in the recorder's office in Laporte county, Indiana, stated the amount for which they intended to hold a lien, or to whom the notice was given, or the character of the debt for which they claimed the lien. These additional facts were necessary to show a compliance by appellees with the statutory provision. *Simonds* v. *Buford* (1862), 18 Ind. 176; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 45 Am. St. 218; *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind.

521; *Rhodes* v. *Webb-Jameson Co.* (1898), 19 Ind. App. 195.

7. The finding that the "notices were in proper form and duly and legally recorded" does not amount to a finding as required by the statute in such cases. The notices may have been in proper form, yet may not have furnished the proper and required information. It is substance rather than form which is required.

8. Upon the rights or interest of the appellant Charlotte Krotz in the real estate, the rights of all the other appellants depend, and, for the purpose of this decision, it will be unnecessary for us to consider any other claim than that of Mrs. Krotz. If appellees had properly perfected their liens, they would have been effective from the time the materials were furnished, and would have had priority over all liens suffered or created thereafter, except the liens of other mechanics and material men, as to which there is no priority. *Northwestern, etc., Assn.* v. *McPherson* (1899), 23 Ind. App. 250, and cases cited.

It is claimed by appellees that at the time they furnished the materials used in the construction of the building on the land, that whatever interest Mrs. Krotz had or claimed therein depended upon a parol contract, and therefore was not enforceable. Supposing that to be true, it was a matter wholly between Carey and Mrs. Krotz, and of which the appellees could take no advantage. *Savage* v. *Lee* (1885), 101 Ind. 514.

9. The finding of the court is that, upon payment of the purchase money advanced by Carey, Mrs. Krotz was to have the title, and it also appears from the finding that, prior to the termination of the mechanic's lien foreclosure proceeding, Carey did convey the title to Mrs. Krotz, and the parol agreement was thereupon fully executed. It is also true, as a matter of law, that appellees, acting in good faith, were not bound by any secret equities or rights existing be-

tween Carey and Mrs. Krotz, and, although they were pur-
chasers at their own execution sale, they occupied the same
position as any other good-faith purchaser. *Pugh* v. *High-
ley* (1899), 152 Ind. 252, 44 L. R. A. 392, 71 Am. St. 327.

10.  Appellees disclaim any knowledge that Mrs. Krotz
had any interest in the real estate in question at the time
they furnished the material or commenced their suits to fore-
close their liens; but that she was in possession of the land
at the time appellees were contracting with her to furnish
materials, and at the time the materials were furnished, as
also at the time the suits were commenced, and that her
name was signed to a plat of the land duly recorded on the
19th day of December, 1895, were facts, as it seems to us,
reasonably within the knowledge of appellees, and were suffi-
cient at least to put them upon inquiry relative to the rights
or claims of Mrs. Krotz in the land. Had appellees used
any diligence whatever, they, no doubt, could have developed
the true status of the title.

Pomeroy in his work on equity jurisprudence says that
the rule is well settled in England and in this country "that
a purchaser or encumbrancer of an estate, who knows or is
properly informed that it is in the possession of a person
other than the vendor or mortgagor with whom he is dealing
is thereby charged with a constructive notice of all the inter-
ests, rights, and equities which such possessor may have in
the land. He is put upon an inquiry concerning the grounds
and reasons of the stranger's occupation, and is presumed
to have knowledge of all that he might have learned by
means of an inquiry duly and reasonably prosecuted. If he
neglects to make an inquiry, or to make it with due dili-
gence, the presumption and notice, of course, remain abso-
lute." 2 Pomeroy, Eq. Jurisp. (2d ed.), §614; *Glidewell* v.
*Spaugh* (1866), 26 Ind. 319; *Old Nat. Bank, etc.,* v. *Find-
ley* (1892), 131 Ind. 225.

The supreme court of Nebraska, in a case wherein the
parties who had foreclosed a mechanic's lien, not making

one a party who held an unrecorded deed, but who was in possession of the real estate from the time of her purchase and during the whole proceeding to foreclose the lien, held that continued possession of the land was notice to all the world of her rights in the premises, and, to cut off these rights by the decree and judgment of foreclosure, she should have been made a party to the suit, and, this not being done, her interests were in no way affected. *Monroe* v. *Hanson* (1896), 47 Neb. 30, 66 N. W. 12.

In our opinion the appellant Charlotte Krotz had an equitable interest in the land in question at the time the mechanic's lien suits were instituted, which was not cut off or affected by the judgment and decree in the foreclosure proceedings. This equitable interest having since ripened into a fee, appellees are bound to respect it, and the court erred in its conclusions of law, for which error the judgment must be reversed.

Having determined to reverse the judgment, it will answer no good purpose to pass upon any of the other questions here presented.

The judgment of the lower court is reversed, with instructions to restate its conclusions of law in accordance with this opinion.