Nov. Term,
1857.

CLEM
v.
THE NEWCAS-
TLE AND DAN-
VILLE RAIL-
ROAD CO.

CLEM *v.* THE NEWCASTLE AND DANVILLE RAILROAD
COMPANY.

As a general rule, where a party has been induced to execute an agreement by
   fraudulent representations of the other party, he may set up such representa-
   tions in bar of an action on the agreement.

But not if such representations, though false, relate to the legal effect of the
   instrument sued on.

A party is presumed to know the contents of an agreement which he signs, and
   hence, has no right to rely upon the statements of the other party as to its
   legal effect.

*Friday,*
*November 27.*

APPEAL from the *Warren* Circuit Court.

DAVISON, J.—The complaint charges that *Clem,* who was
the defendant, on the first of *August,* 1854, made an agree-
ment in writing, as follows:

"We, the undersigned, agree to pay 50 dollars to the
president and directors of the *Newcastle and Danville Rail-
road Company,* for each share of stock annexed to our
names, subject to the assessment of the board of directors,
not exceeding 5 per cent. of the amount subscribed every
sixty days. No assessment except 1 per cent. to be made
until the subscription to the capital stock of the road
amounts to 600,000 dollars. These subscriptions are made
on the condition that the road runs through, or within a
half mile of, the original plat of *Covington, Fountain*
county, *Indiana.* One per cent. due on subscribing, or on
demand."

To this agreement, the defendant subscribed his name,
and opposite thereto annexed, "Ten shares, 500 dollars."
It is averred, *inter alia,* that at a regular meeting of the
board of directors, held on the 4th of *April,* 1855, it was
ordered that 5 per cent. on the amount of stock subscribed
be paid on the 15th of *May,* then next ensuing—that being
the first assessment—and that each stockholder be required,
every sixty days thereafter, to pay 5 per cent. on the amount
subscribed, until the whole is paid,—of which the defendant
had notice, &c. And that on defendant's subscription

there is now due and unpaid nine assessments, amounting
to 225 dollars.

The defendant answered.  In his answer, he says that immediately before and at the time he signed the agree-
ment, *John Briar*, the company's agent, who was then
soliciting subscriptions for stock, stated to him, defendant,
that if he would subscribe, he would not be called on to
pay anything until the road was laid out and worked on in
the county of *Warren*, through which it was to be located.
He avers that the road had not been worked on or laid out,
in said county; that he, defendant, relied on the agent's
statement, and was thereby induced to sign the agreement;
that the statement was false and fraudulent—was made
for the purpose of defrauding the defendant, and inducing
him to make the subscription.  Demurrer to the answer
sustained; and final judgment for the plaintiff.

As a general rule, a party who has been induced to exe-
cute an agreement, by reason of the fraudulent representa-
tions of the other party, may set up such representations
in bar of an action on the agreement.  But this rule is
subject to various exceptions; and one of them occurs
when the representations, though false, relate to the legal
effect of the instrument sued on.  Every person is pre-
sumed to know the contents of the agreement which he
signs, and has, therefore, no right to rely on the statements
of the other party as to its legal effect.  *Russell* v. *Bran-
ham*, 8 Blackf. 277.—*Starr* v. *Bennett*, 5 Hill, 303.  Here,
the agreement is sufficiently explicit.  It says that no as-
sessments shall be made until the subscription to the cap-
ital stock amounts to 600,000 dollars; hence, the agent's
statement that defendant would not be called on to pay
until the road was laid out and worked on in *Warren*
county, could have been nothing more than a mere expres-
sion of opinion; and though intended to deceive the de-
fendant, it was not, in point of law, adequate to that pur-
pose; because the instrument to which he signed his name
authorized the company to make and collect assessments
at any time after a certain amount of capital stock was
subscribed.

Nov. Term, 1857.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*B. F. Gregory* and *J. Harper*, for the appellant.

*W. H. Mallory*, for the appellees.