Miller, Administrator, *v.* White River School Township.

Filed May 1, 1885.

---

No. 12,101.

MILLER, ADMINISTRATOR, *v.* WHITE RIVER SCHOOL TOWNSHIP.

PLEADING.—*Demurrer to Reply.*—*Surplusage.*—A demurrer to a reply, in substantial compliance with the provisions of section 357, R. S. 1881, is sufficient both in form and substance, and is not rendered defective by the introduction of other matter, which may be properly regarded as surplusage.

SCHOOL CORPORATION.—*Power of Trustee.*—*Certificate of Indebtedness.*—*Cause of Action.*—The trustee of a school corporation has power to contract a debt in the name of and binding upon such corporation, in the purchase of necessary furniture, apparatus and other supplies of its schools, and to execute in the name of his corporation a valid and binding certificate of indebtedness or note for the amount of such debt; and such certificate or note will constitute *prima facie* a good cause of action against such corporation.

SAME.—*Statute Construed.*— Such a certificate or note is not rendered invalid by the trustee's failure to comply with the provisions of sections 6006 and 6007, R. S. 1881, as those sections of the statute have no application to the ordinary debts of a school corporation, incurred by the trustee for the usual and necessary furniture, apparatus and other supplies of its common schools.

PRACTICE.— *Interrogatories to Jury.*— *General Verdict.*— *Duty of Court.*—

Miller, Administrator, *v.* White River School Township.

Ordinarily, it is the duty of the trial court, when requested by either party, to instruct the jury, if they render a general verdict, to find specially upon particular questions of fact, in answer to written interrogatories within the scope of the issues, and it is error to refuse such an instruction, or to submit to the jury such interrogatories.

SAME.—*Directing Verdict.*—*Harmless Error.*—Where the court, in the discharge of its duty, and without invading the province of the jury, may properly instruct them to return their verdict for either party, the error of the court in refusing to submit interrogatories to the jury, at the request of the other party, is at most a harmless error.

SAME.—*Immaterial Issue.*—Where the complaint states a good cause of action, and issue is joined upon a special or affirmative paragraph of answer, which states no defence whatever to plaintiff's action, and where the allegations of such paragraph of answer are admitted to be true on the trial, it is error for the court to instruct the jury, upon such immaterial issue, to return a verdict for the defendant.

From the Gibson Circuit Court.

*L. C. Embree* and *W. D. Robinson,* for appellant.

*J. E. McCullough* and *J. H. Miller,* for appellee.

HOWK, J.—This action was brought by the appellant, as the administrator of one John Miller, deceased, against the appellee, upon a certificate of indebtedness, executed by the trustee of White River township, of which certificate the following is a copy :

"STATE OF INDIANA, COUNTY OF GIBSON :

"*Trustee's Office, White River Tp., Nov. 23rd,* 1881.

" This is to certify that there is now due from this township to H. L. Kimberlin & Co., one hundred and seventy-five dollars for part five of the McBride Tellurians bought for the use of this township, and payable out of the special school funds at the People's Bank at Princeton, Indiana, on the 1st day of June, 1883, with interest at eight per cent., and eight per cent. on the amount after maturity till paid.

(Signed)        " WILLIAM F. HUDELSON,

"School Trustee of White River Township."

The appellant alleged in his complaint that before the maturity of such certificate of indebtedness, it was endorsed in

writing to his decedent, John Miller, by the payees thereof, and that it was past due and wholly unpaid. Wherefore, etc.

The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, the defendant below, and, over the appellant's motion for a new trial, judgment was rendered against him for the appellee's costs.

In this court, the first error assigned by the appellant is that the circuit court erred in sustaining the demurrer to the second and third paragraphs of his reply. In discussing this alleged error, the appellant's counsel do not claim that either the second or third reply stated facts sufficient to constitute a good reply, but they say: " We desire to question the form and sufficiency of the demurrer," and they conclude that it " is insufficient both in form and substance." The demurrer thus called in question reads as follows:

" The defendant demurs separately to the second and third paragraphs of reply, for the reason that neither of said paragraphs states facts sufficient to constitute a reply, or avoidance of the facts stated in the paragraphs of answer to which said paragraphs of reply are respectively plead."

In section 357, R. S. 1881, it is provided as follows: " The defendant may demur to any paragraph of the reply, on the ground that the facts stated therein are not sufficient to avoid the paragraph of answer," etc. It is apparent that the demurrer objected to, in this case, is in substantial compliance with the requirements of the statute, and it is sufficient, we think, " both in form and substance." It is true, perhaps, that there is some surplusage in such demurrer, but it is equally true, as to any pleading, that " surplusage does not vitiate that which is good." *Mires* v. *Alley*, 51 Ind. 507; *Owen* v. *Phillips*, 73 Ind. 284; *Morris* v. *Stern*, 80 Ind. 227.

The only other error assigned by appellant is the overruling of his motion for a new trial. Under this error, the first question discussed by his counsel is thus stated in their brief: " Did the lower court err in refusing to submit to the jury the interrogatories propounded by appellant ? " Before

Miller, Administrator, *v.* White River School Township.

considering this question, it is proper that we should state, more fully than we have done, the issues in the cause which were submitted to the jury for trial. We have already stated the appellant's cause of action.

The appellee originally answered in four special or affirmative paragraphs. In the first paragraph, it was alleged that the written instrument sued upon was made and executed without any consideration whatever therefor.

In the second paragraph of its answer, the appellee alleged that, on the 23d day of November, 1881, H. L. Kimberlin & Co. agreed and contracted with appellee to deliver to it, within a reasonable time after that date, five of McBride's Tellurians; that the written instrument sued upon was executed in part consideration of such contract, and upon no other consideration whatever; and that H. L. Kimberlin & Co. wholly failed and neglected to deliver such Tellurians or any of them, to the appellee within such reasonable time, or to deliver them at all; wherefore the consideration of such written instrument had wholly failed.

In the third paragraph of answer, after stating the consideration of the written instrument sued upon substantially as the same was stated in the preceding paragraph, it was alleged that the Tellurians were to be delivered to appellee by H. L. Kimberlin & Co., within, to wit, three months from the date of the contract; that H. L. Kimberlin & Co. wholly failed and neglected to deliver to the appellee such Tellurians, within such time; that thereupon appellee elected to rescind such contract and so notified H. L. Kimberlin & Co., and that the Tellurians had not, nor had either of them ever been delivered by H. L. Kimberlin & Co. or by any one in their behalf, or been accepted or received by the appellee.

In the fourth paragraph of answer, the consideration of the written instrument sued upon is stated substantially as it was stated in the second paragraph; and it was then averred that at the time of making such contract, and of executing such instrument, there was an outstanding indebtedness against the

appellee, and chargeable against its special school fund, in the amount of $6,000, and greatly exceeding in, to wit, the sum of $4,500, the aggregate amount then on hand belonging to such fund, together with the amount to be derived from the tax assessed against such township for that year in favor of such fund; and that such contract was made with H. L. Kimberlin & Co., and such indebtedness to them was attempted to be contracted by such trustee, without his having procured any order from the board of commissioners of Gibson county authorizing such trustee to contract any such indebtedness, or without his having presented any petition to such board for such an order or having given notice of any such petition.

Upon the foregoing paragraphs of answer the appellant joined issue by his reply in general denial.

Afterwards the appellee filed its fifth paragraph of answer, verified by the oath of its then trustee, wherein it was averred that the written instrument sued upon was never executed by the appellee, nor by its trustee, nor by any other person authorized to execute the same on its behalf; and that at the time William F. Hudelson signed such instrument, if at all, he was not the trustee of such appellee.

With this statement of the issues in the cause, we come now to the consideration of the first question presented by the appellant's counsel in argument, under the alleged error of the court in overruling the motion for a new trial, namely: Did the court err in refusing to submit to the jury the appellant's interrogatories? The record shows that, at the proper time, the appellant submitted to the court a number of written interrogatories, and requested the court to instruct the jury to answer the same and to find specially upon the several questions of fact stated therein, in case they should return a general verdict; that the court refused to submit such interrogatories to the jury and to instruct them, as requested; and that to this action and ruling of the court the appellant at the time excepted. We need not set out these interrogatories;

it will suffice to say that they seem to us to have been within the scope of the issues in the cause. No objection was made below, and none is made here, to either the form or substance of the interrogatories. In section 546, R. S. 1881, it is provided that in all cases, when requested by either party, the court shall instruct the jury, if they render a general verdict, to find specially upon particular questions of fact, to be stated .in writing. In *Campbell* v. *Frankem*, 65 Ind. 591, the court said : "It is the right of a party to have the jury find upon facts which fall within the scope of the issues in the case. * * * The court may control the form of interrogatories, and judge of their propriety, but, when properly asked for, it is error to reject them."

In discussing the question we are now considering, the appellee's learned counsel do not claim, as we understand their argument, that the appellant's interrogatories to the jury were defective either in form or substance, or that they were not within the scope of the issues in the case. Counsel say that the appellant was not injured by the court's refusal to submit his interrogatories to the jury, because the court instructed the jury that "under the issues, evidence and admissions in the case, it is the duty of the jury to find for the defendant," unless this court should be of the opinion that such instruction was erroneous. In other words, the appellee's counsel virtually concede that the trial court erred in its refusal to submit the appellant's interrogatories to the jury, unless the case was one in which the court, without invading the province of the jury, and simply in the discharge of its own duty, had properly instructed them to return their verdict for the appellee. If the court's instruction above quoted was right and properly given, then the error of the court, if such it were, in refusing to submit the appellant's interrogatories to the jury, was at most a harmless error ; and for such an error this court will not reverse a judgment.

This view of the question under consideration seems to us to be the correct one, and it is in harmony with the decision

of this court in *McClaren* v. *Indianapolis, etc., R. R. Co.,* 83 Ind. 319.  In that case the court said: "Where the interrogatories are entirely unnecessary, as where, under the evidence, there is no cause of action, and the court is, therefore, authorized to direct a verdict for the defendant, there the withdrawal of the interrogatories, which, in such a case, should not have been submitted to the jury, is not error." So that the proper decision of the question we are now considering depends upon the answer which must be given to this further question, namely, Did the trial court err in instructing the jury that, "under the issues, evidence and admissions in the case, it is the duty of the jury to find for the defendant?"

Of course, there are cases in which the trial court, of its own motion and without any invasion of the province of the jury, may properly instruct the jury to return their verdict for the one or the other party.  *Dodge* v. *Gaylord,* 53 Ind. 365; *Moss* v. *Witness Printing Co.,* 64 Ind. 125; *American Ins. Co.* v. *Butler,* 70 Ind. 1.  Where issue is joined on the plaintiff's complaint by an answer in general denial merely, and evidence is introduced which tends to sustain the material averments of the complaint, it would certainly be error for the court to direct a verdict for the defendant; for, in such case, the sufficiency or insufficiency of the evidence is a question for the jury, and the plaintiff has the right to claim a verdict, either for or against him, uninfluenced by the court's opinion in relation to the evidence.  *Adams* v. *Kennedy,* 90 Ind. 318.  In the case in hand, however, all the paragraphs of appellee's answer, except the fifth, which is not sustained by any evidence, were special paragraphs wherein the appellee pleaded affirmative facts in bar of the action.  To these special or affirmative paragraphs, the appellant replied by a general denial, and as to each of them the appellee, of course, had the burthen of the issue.  If a special or affirmative paragraph of answer states a good defence, in bar of the action, and is sustained by sufficient legal evidence, without any conflict

therein, we think the court may properly instruct the jury to return a verdict for the defendant without any invasion of the province of the jury, even though the plaintiff's evidence may have made a *prima facie* case in his behalf. But where issue is joined upon a special or affirmative paragraph of an-swer which states no defence whatever to plaintiff's action, and would have been held bad on demurrer, then, although upon the trial the facts stated in such paragraph are proved to be true by an abundance of uncontradicted evidence, it would be error for the court to instruct the jury, upon such issue, to return a verdict for the defendant. This is settled, we think, by the decisions of this court. *Western Union Tel. Co.* v. *Fenton,* 52 Ind. 1; *Dorman* v. *State,* 56 Ind. 454; *McCloskey* v. *Indianapolis, etc., Union,* 67 Ind. 86 (33 Am. R. 76).

In the case in hand, it is claimed on behalf of the appellee that the fourth paragraph of its answer, the substance of which we have already given, stated a good defence in bar of the appellant's action, and that it was abundantly sus-tained, without contradiction, by the admissions of the ap-pellant as evidence on the trial. We are of opinion, how-ever, that the fourth paragraph of answer stated no defence whatever to the appellant's action. It is manifest that the paragraph was prepared upon the supposition of the pleader that the contract for the Tellurians, mentioned in the com-plaint, was void because the appellee's trustee had not com-plied with the provisions of sections 6006 and 6007, R. S. 1881, before making such contract. We think, however, that those sections of the statute can have no application to the ordinary debts incurred by the trustee for furniture, apparatus and other supplies for the schools of his township, such as the debt in suit for the Tellurians. Besides, the sections of the statute did not enlarge, but were intended to limit, the power of the trustee to contract debts in the name of and binding upon his township. This is shown by the phrase-ology of the sections, and by the title of the act from which

the sections are taken.    The title of such act is, "An act to limit the power of township trustees in incurring debts," etc. Acts 1875, Reg. Sess., p. 162.

This court has repeatedly held that notes executed by a township trustee for borrowed money did not evidence debts of the township, unless it was shown that the money borrowed had been used for the legitimate purposes of the township.    *Wallis* v. *Johnson School Tp.*, 75 Ind. 368 ; *Pine Civil Tp.* v. *Huber, etc., Co.*, 83 Ind. 121 ; *Reeve School Tp.* v. *Dodson*, 98 Ind. 497.

If, therefore, it were conceded that the fourth paragraph of answer stated a good defence to this action, we would be bound to hold that it was not sustained by sufficient evidence.    For, while it was shown by the appellant's admissions on the trial, that certain notes had been executed by the trustee, Hudelson, for borrowed money, which notes were yet unpaid, still it was not shown in any manner by the appellee, who had the burden of the issue, that the money so borrowed had been used for the township.    It is clear, therefore, that, under the decisions of this court, the appellee failed to show the existing outstanding indebtedness of the township, alleged in its fourth paragraph of answer.

Our conclusion is that the court erred in instructing the jury to return a verdict for the appellee, and in refusing to submit appellant's interrogatories to the jury trying the cause.

Other questions are discussed by counsel, but as they may not arise on a new trial of the case, we need not now consider them.    Appellee's counsel suggest, in argument, that the complaint is bad, and that, for this cause, the judgment below should be affirmed.    The sufficiency of the complaint was not called in question below, nor is it questioned here by any assignment of error or cross error.    Therefore, the question suggested is not presented for our decision.    Besides, the evidence in the record fully supplied or tended to supply any defect in the complaint, as the question is now presented.

For the reasons heretofore given, we are of opinion that

the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed April 25, 1885.