Filed May 17, 1894.

———————◆———————

No. 16,789.

JONES, TREASURER, ET AL. *v.* RUSHVILLE NATIONAL BANK ET AL.

TAXES.—*State Board of Tax Commissioners.—Jurisdiction.—Original and Appellate.*—The provisions of the statute conferring upon the State Board of Tax Commissioners the powers possessed by the county boards of review were intended to confer such powers in cases where it had jurisdiction, either original or appellate, and was not intended to confer original jurisdiction over all property in the State.

SAME.—*Illegal.—Action to Enjoin.—Bank.*—The fact that bank stock may be owned by private individuals, furnishes no reason why a suit may not be maintained by the bank to enjoin the collection of illegal taxes assessed against it.

PARTIES.—*Plaintiff.—Community of Interest.—Banks.—Taxes.*—Where two banks were assessed separately, and the tax assessed against the one does not affect the property of the other, and the relief to which the one is entitled, if granted, would not affect the other, they could not, in the absence of some community of interest, unite in a suit to enjoin the collection of such taxes.

From the Rush Circuit Court.

*A. G. Smith,* Attorney-General, and *J. Q. Thomas,* for appellants.

*B. L. Smith, C. Cambern, W. A. Cullen* and *J. D. Megee,* for appellees.

COFFEY, J.—This action was brought by the appellees, in the Rush Circuit Court, against the appellant as treasurer of Rush county, to enjoin the collection of a tax. The court overruled a demurrer to the complaint, and the appellant failing and refusing to answer further, the appellees had judgment as prayed on their complaint.

The complaint consists of one paragraph, and alleges, among other things, substantially, that the appellees are corporations legally organized under the banking laws of the United States; that they each made a sworn statement of the value of their property, and filed the same with proper officers; that they were each notified to appear before the county board of review on the 14th day of July, 1891, and show cause why said statements should not be revised and the valuation of their property increased; that they appeared before said board, and after hearing the evidence adduced, the board found said statements to be correct, and then and there found that the Rushville National Bank should be assessed ninety-three thousand three hundred and seventy-five dollars, and the Rush County National Bank eighty-seven thousand dollars; that said finding and assessment has never been revised or set aside, and no appeal has ever been taken from the action of the board of review; that afterwards both of said banks were notified to appear before the State Board of Tax Commissioners on the — day of August, 1891, and show cause why the valuation of their property should not be increased; that they appeared before said State Board and protested against its inquiring into the valuation of their property on the ground that no appeal had been taken from the action of the county board of review fixing the value of their property; and because said State Board had no jurisdiction to inquire into said matters; that thereupon the State Board of Tax Commissioners overruled the objec-

.tions of the appellees, and increased the valuation of the Rushville National Bank twenty-nine thousand dollars, and of the Rush County National Bank twenty-eight thousand dollars; that the action of the State Board of Tax Commissioners is illegal and void because no appeal was ever taken from the action of the county board of review to said commissioners, and because said commissioners have no original jurisdiction in such cases. It is earnestly contended by the appellant that the decree in this case should be reversed:

*First.* Because the State Board of Tax Commissioners had original jurisdiction to fix the value of the property of the appellees for the purposes of taxation, and that having so fixed it they are bound by the valuation placed upon it by such board.

*Second.* Because the appellees are not the owners of the stock issued by the banks, and that for this reason the suit should be prosecuted by the owners of the stock, and not by the banks.

*Third.* Because there is a misjoinder of parties plaintiffs.

Section 114 of an act of the General Assembly, approved March 6, 1891 (Acts 1891, p. 199), creates a county board of review consisting of the county assessor, county auditor, and county treasurer.

Among other powers conferred, it confers upon such board power to equalize the valuation of real and personal property, and to correct any list of valuation as it may deem proper. It also has power to equalize the valuation made by assessors, either by adding to or deducting therefrom such sums as are necessary to fix the assessment at its true cash value. It may, after the notice provided for in the act, on cause shown, or on its motion, correct the assessment or valuation of any property in such manner as will, in its judg-

ment, make the valuation thereof equal, and may, to that end, examine under oath, any person touching such 'matter.

Section 125 of the act provides for appeals from the county board of review, to the State Board of Tax Commissioners.

Section 129 provides that the State Board of Tax Commissioners shall have all the powers conferred by the act upon county boards of review.

It is earnestly and ably contended by the appellant, with much plausibility, that these several sections of the statute, when construed together, confer upon the State Board of Tax Commissioners original jurisdiction over all the property in the State, both real and personal.

It is conceded, however, that in arriving at the intention of the Legislature, the act must be construed as a whole.   As has often been said, in arriving at the legislative intent, courts will look to the statute as a whole, and to all its parts, and when the intention is so ascertained, it will prevail over the literal import and strict letter of the statute; and where the meaning is doubtful and uncertain, the courts will look into the situation and circumstances under which it was enacted, to other statutes, if there are any, on the same subject, whether passed before or after the statute under immediate consideration, whether in force or not, as well as to the history of the country, and will carefully consider, in this connection, the purpose sought to be accomplished. *Parvin* v. *Wimberg*, 130 Ind. 561.

This act confers original, exclusive jurisdiction upon the State Board of Tax Commissioners over railroad property, but it does not, in express terms, confer such jurisdiction over property generally.

If, therefore, it possessed jurisdiction over the property of the appellees in this case, it is by reason of the

fact that such jurisdiction is conferred by the sections of the statute above referred to.

In the case of *Cummings, Treas.*, v. *Stark*, 138 Ind. 94, the question now under discussion was involved, and the conclusion was then reached that the State Board of Tax Commissioners had no original jurisdiction over the class of property here involved.   After a careful reconsideration of the question, we are of the opinion that the conclusion in that case is the correct one.   When we reflect that any other conclusion would place it in the power of this board to call from the remotest part of the State, at the instance of an enemy, or on its motion, any citizen, on the most trivial matter or without any just cause whatever, to the capital of the State, at large expense, to defend against an effort to place an unjust value upon his property and burden him with an unjust tax, we can not believe that it was the intention of the framers of this statute to give it the power contended for by the appellant.

The provision conferring upon this board the powers possessed by the county boards of review was intended, we think, to confer such powers in cases where it had jurisdiction, either original or appellate, and was not intended to confer original jurisdiction over all property in the State.   The limited time within which the State Board of Tax Commissioners is required to transact the business confided to it would seem to preclude the idea that it was the intention to confer on it jurisdiction so extensive as that contended for by the appellant, for we must know, as matter of common knowledge, that it would be impossible, in that short time, to review any considerable number of the numerous tax lists made out in a populous State like this.

The imperfect manner in which the work would, of necessity be done, for want of time, we think, be more

likely to result in injustice than to secure an equal and just valuation.

For these, as well as for many other reasons which might be given, we are of the opinion that it was not the intention of the General Assembly to confer on the State Board of Tax Commissioners original jurisdiction over the class of property to which this suit relates.

We can not agree with the appellant in his second contention. The complaint alleges that the State Board of Tax Commissioners increased the valuation of the property of the banks therein named. If the tax is assessed against the banks, the fact that the stock may be owned by private individuals furnishes no reason why the suit may not be maintained by the banks to enjoin an illegal tax assessed against them.

Indeed, if the tax is assessed against the banks they are the only proper parties by whom a suit for that purpose could be prosecuted.

As to the third objection made to this complaint, it may be said that the rule has long been established in this State, that where two or more plaintiffs unite in bringing a joint action, and the facts stated in the complaint do not show a joint cause of action in them, a demurrer will lie upon the ground that such complaint does not state sufficient facts to constitute a cause of action. *Berkshire* v. *Shultz*, 25 Ind. 523; *Goodnight* v. *Goar*, 30 Ind. 418; *Lipperd* v. *Edwards*, 39 Ind. 165; *Maple* v. *Beach,* 43 Ind. 51; *Parker* v. *Small*, 58 Ind. 349; *Harris* v. *Harris*, 61 Ind. 117; *Stephenson, Exr.,* v. *Martin*, 84 Ind. 160; *Martin* v. *Davis*, 82 Ind. 38; *Darkies* v. *Bellows*, 94 Ind. 64.

It is contended by the appellees, however, that the case of *Heagy* v. *Black*, 90 Ind. 534, establishes an exception to this rule, but we are not of that opinion. It is true, where an illegal tax has been levied, which af-

fects alike the property of a community, or where a public improvement has been illegally ordered, the assessments for which affect the property of a number of individuals, those affected may unite in an action for the purpose of avoiding such illegal tax or assessment, because they all have a common interest.   It is upon this principle that the case of *Heagy* v. *Black, supra*, rests.

Though the plaintiffs in that case owned separate pieces of property, they had a common interest in preventing the supervisor from opening the road then in controversy, because, when opened, it would affect the property of both.

But no such community of interest is shown in this case.   There is absolutely no connection between the two appellees in this case.   They were assessed separately.   The tax assessed against one does not affect the property of the other. The relief to which one is entitled, if granted to it alone, does not affect the other.   In the absence of some common interest they could not unite in a suit.

We are of the opinion that the circuit court erred in overruling the demurrer of the appellant to the complaint in this cause, for the reason that it does not show a joint cause of action in the appellees.

Judgment reversed, with directions to the circuit court to sustain the demurrer of the appellant to the complaint in this cause.

Filed May 9, 1894.