## RUDOLPH *v.* AYDE ET AL.

[No. 12,200. Filed December 10, 1925. Rehearing denied February 18, 1926.]

1. ACTION.—*Where concurrent negligent acts of two persons contribute to the injury of another, they may be sued jointly in a single action.*—Where separate acts of negligence of two persons were concurrent in time and place, and each act contributed to the injury of another as the proximate cause thereof, they may be sued jointly in a single action for damages. p. 204.

2. APPEAL.—*Statement in brief held too general to present any question as to overruling demurrer to complaint.*—A statement in appellant's brief that appellee's amended complaint fails to state facts showing that the negligent acts charged against

appellant were the proximate cause of the injury sued for, without citing any authorities, is too general to present any question as to the action of the court in overruling the demurrer to such complaint.  p. 204.

3. APPEAL.—Appellant cannot supply omissions from his original brief in his reply brief.  p. 204.

4. PLEADING.—*Misjoinder of two or more causes of action is not reversible error.*—Under the express provisions of §364 Burns 1926, §346 Burns 1914, the misjoinder of two or more causes of action is not reversible error.  p. 204.

5. TRIAL.—*To bring refused instructions into the record under the statute, they must have been signed by party requesting them or his attorney, and judge must have indicated, before instructing jury, by signed memorandum at close of instructions requested, the numbers of those given and refused.*—In order to bring refused instructions into the record under §586 Burns 1926, §561 Burns 1914, it must be shown that the requested instructions were signed by the party requesting them or his attorney, that the judge, before instructing the jury, indicated by a memorandum, at the close of the instructions requested, the numbers of those given and of those refused, and that he signed the same.  p. 205.

6. TRIAL.—*Motion for venire de novo when properly overruled.* —A motion for a *venire de novo* was properly overruled where there was nothing ambiguous or uncertain in the verdict, and it found on all the issues.  p. 205.

From the Pike Circuit Court; *John F. Dillon*, Judge.

Action by Isabella Murphy against Edward Rudolph, Wallace Ayde and another.  From a judgment for the plaintiff against the named defendants, Edward Rudolph appeals.  *Affirmed.*  By the court in banc.

*Carl M. Gray* and *W. E. Cox*, for appellant.

*Leonard Ashley, Frank H. Hatfield* and *Brill & Brady*, for appellees.

NICHOLS, C. J.—Action for damages by the appellee Murphy against appellant and appellees Hurst and Ayde, on account of alleged injuries received by appellee Murphy in an automobile accident on the public streets in the city of Boonville, Indiana, on November 13, 1922.  There was a collision at the intersection of

First and Main streets in said city, between a truck operated by appellant and the truck of appellees Ayde and Hurst. Appellee Murphy was riding on the truck driven by appellant at the time of the collision. There was a verdict and judgment against appellant and appellee Ayde for $1,400.

In this court, appellant complains, first, that the court erred in overruling his motion to require appellee to separate the amended complaint into paragraphs, 1. contending that appellant and appellee Ayde cannot be sued jointly. The amended complaint shows on its face that the separate acts of negligence, charged respectively against appellant and appellee Ayde, were concurrent in time and place, and that each of said acts contributed to appellee Murphy's injury as the proximate cause thereof, and therefore, they may be sued jointly in a single action for damages. *Indianapolis, etc., R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193; *Ft. Wayne, etc., Traction Co.* v. *Parish* (1918), 67 Ind. App. 597, 119 N. E. 488; *City of Valparaiso* v. *Moffit* (1895), 12 Ind. App. 250, 54 Am. St. 522.

Attempting to present error of the court in overruling his demurrer to the amended complaint, appellant says that "appellee, in her amended complaint, fails 2-4. to state facts showing that the negligent acts charged against appellant were the proximate cause of her injury." Nothing more is said in the original brief and no authority is cited. This is too general to present any question for our consideration. Appellant cannot supply omissions from his original brief in his reply brief. *White* v. *Sheetz* (1896), 17 Ind. App. 699, 45 N. E. 673. As to appellant's claim of misjoinder, even if it were to be conceded that the

amended complaint joins two causes of action in the same complaint, this is not ground for reversal. §364 Burns 1926, §346 Burns 1914.

Appellant has undertaken to bring the instructions into the record under the provisions of §586 Burns 1926, §561 Burns 1914, but in this he has failed.

5. It does not appear that the instructions tendered by appellant were signed by appellants' attorneys. It does not appear that the court, before instructing the jury, indicated, by a memorandum in writing at the close of the instructions requested, the numbers of those given and of those refused, nor that he signed such a memorandum.

We see nothing ambiguous or uncertain in the verdict, and so far as we see, it finds on all the issues, and

6. appellant's motion for a *venire de novo* was therefore properly overruled.

Judgment affirmed.