[Civ. No. 5961. Second Appellate District, Division Two.—June 3, 1930.]

SECONDO CASSETTA, Respondent, v. ANGELINA BAIMA, Appellant.

Ernest M. Torchia for Appellant.

Roger Marchetti for Respondent.

GATES, J., *pro tem.*—Plaintiff commenced this action against the defendant Baima and others upon a promissory note for the sum of $700, which note was executed by said defendant and one Ben Zalunardo on or about August 20, 1923, in favor of themselves. The instrument at the time of its execution was undated, with the exception of the numerals "1923," which were in the upper right-hand corner of the paper. It mentions no amount as principal nor as interest, except that in the upper left-hand corner is found the following: "$700.00." The note, among other things, recites:

"One day after date, for value received, we promise to pay to A. Baima, and Ben Zalunardo or order at ——— the sum of ——— dollars with interest at the rate of ——— per cent per ———.

" (Signed) ANGELINA BAIMA
"BEN ZALUNARDO."

On or about the twentieth day of August, 1923, the makers of the note for the sum of $700 cash paid by the plaintiff herein, transferred the instrument to the latter, who is now the legal owner and holder thereof. Subsequently, the exact time not appearing in the record, the plaintiff filled in certain blank spaces in the note. The first part of the instrument now reads as follows:

"$700.00          Los Angeles, California August 23, 1923.

"One day after date, for value received, we promise to pay to A. Baima, Ben Zalunardo or order at Los Angeles, California, the sum of seven hundred dollars with interest at the rate of seven per cent per annum from date, until paid. . . . "

It further appears that the sum set forth in the note or any part thereof has not been paid. Defendant Baima in her answer denied the transfer of the note to plaintiff and denied that there is anything due thereon. She further denied that plaintiff had any power or authority to fill in any of the blank spaces in the instrument. The trial court found against her upon the issues thus presented and in favor of the plaintiff, and judgment in the sum of $700, interest and costs, was entered accordingly. The defendant Baima alone appeals.

■ Appellant's first contention is that the note in question was never admitted in evidence. When the instrument was offered appellant objected to its introduction and the court sustained the objection. However, at the conclusion of plaintiff's direct examination the court of its own volition received the note in evidence and it was marked "Plaintiff's Exhibit 1." There was no error in this, as the note was the basis of plaintiff's cause of action and was relevant. Furthermore, no objection was made at the time it was admitted. (2 Cal. Jur. 263, sec. 82.)

The next claim is that the evidence is insufficient to support the decision. In support thereof several points are discussed. These we shall take up separately.

■ Appellant challenges the right of respondent to fill in the blanks in the promissory note delivered to him. Section 3095 of the Civil Code, among other things, provides: "Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. . . . " There is no question about the right of respondent to fill in the blanks. The general rule is that if one signs an instrument containing blanks he must intend it to be filled in by the person to whom it is delivered. (*Riverside Portland Cement Co.* v. *Maryland Casualty Co.*, 46 Cal. App. 87 [189 Pac. 808]; *Thomas* v. *Fursman*, 39 Cal. App. 278 [178 Pac. 870]; *Visher* v. *Webster*, 8 Cal. 109; *Fisher* v. *Dennis*, 6 Cal. 577 [65 Am. Dec. 534]; *Blochman Commercial etc. Bank* v. *Ketchem*, 36 Cal. App. 284 [171 Pac. 1084].) The facts in the case of *Walsh* v. *Hunt*, 120 Cal. 46 [39 L. R. A. 697, 52 Pac. 115], cited by appellant, are not analogous to those in the instant case. In the case referred to the instrument involved was not patently incomplete, as in the present matter, nor were there circumstances there that would justify the making of the alterations.

In 8 Corpus Juris, 182, 183, the rule relative to filling blanks in bills or notes is correctly stated as follows: "The delivery of an inchoate or incomplete bill or note, as where the instrument is delivered with blanks left for the insertion of the amount or terms of payment, or where a signature on a blank paper is delivered with the intention of having a complete instrument written over it, confers presumptive authority on the person to whom it is delivered, and on sub-

sequent holders, to complete the instrument by filling the blanks, or by writing the instrument, as the case may be, in the way apparently contemplated by the signer, with matter in general conformity with the character of the writing.'' The foregoing rule is just as applicable to a non-negotiable instrument as it is to a negotiable instrument. (*Johnson Harvester Co.* v. *McLean,* 57 Wis. 258 [46 Am. Rep. 39, 15 N. W. 177].)

As to appellant's contention that she did not give respondent express authority to fill in the blanks, it may be said that aside from the presumption afforded by section 3095 of the Civil Code there was no evidence offered by appellant to directly overcome this presumption. And even if such evidence had been offered it was for the trial court to determine whether the presumption had been overthrown by such evidence. We are bound by the determination of the trial court.

Appellant maintains that there was undue delay in making the necessary insertions in the note. She claims it was done during the time between the filing of the second amended complaint and the filing of the third amended complaint herein, the latter being the one upon which the parties proceeded to trial. The exact time does not appear. Conceding that it was done at the time indicated, it is, however, immaterial, as insertions may be made during the trial of the cause. (*Croskey* v. *Skinner,* 44 Ill. 321; *Whiteford* v. *Burckmyer,* 1 Gill (Md.), 127 [39 Am. Dec. 640] ; *Mitchell* v. *Mitchell,* 11 Gill & J. (Md.), 388; *Seay* v. *State Bank,* 3 Sneed (Tenn.), 558 [67 Am. Dec. 579].) It has been held that the filling in of blanks may be dispensed with at the trial. (*Weston* v. *Myers,* 33 Ill. 424.) ''The blank should be filled by the holder within a reasonable time, and what this is is a question for the jury.'' (8 C. J. 188.) We cannot, therefore, say that the delay in filling the blanks was unreasonable as a matter of law. Nor is it shown how appellant's rights have been affected or prejudiced by any delay in the matter.

Appellant makes the further contention that the note involved herein is not a complete note, for the reason that it was not indorsed by the makers. In support of her contention she cites section 3265 of the Civil Code. That section, after defining a negotiable promissory note and

stating that its negotiability shall not be affected in certain instances, adds these words: "Where a note is drawn to the maker's own order it is not complete until indorsed by him." Appellant argues that by virtue of the language of the section there could be no valid note without an indorsement by the makers. She further maintains that the instrument cannot be transferred because it is payable to "order" and not to "bearer," and that an indorsement is essential before title will pass. (Civ. Code, sec. 3111.) Appellant's theory is untenable for the reason that section 3265 refers to a negotiable promissory note. The principle covering the situation in the instant case is correctly stated in 19 California Jurisprudence, 845, as follows: "The provisions of the statute are not to be taken as meaning that an instrument payable to order can only be transferred by indorsement; they mean only that such indorsement is necessary in order to carry the *qualities* and *incidents* of negotiable paper to the indorsee. As is the case of the transfer of other instruments, the title of the transferor may be conveyed by an assignment in a separate instrument, on the instrument itself, or by *mere delivery*. In such cases, however, the transferee is vested with such title only as his transferor has, and is not protected against equities which exist against such transferor." (Italics ours.) The foregoing principle has been sanctioned by the following cases: *Vance* v. *Gilbert,* 178 Cal. 574 [174 Pac. 42]; *More* v. *Finger,* 128 Cal. 313 [60 Pac. 933]; *Shoenhair* v. *Jones,* 33 Cal. App. 545 [165 Pac. 971].

The transferee of an instrument has a right, in a proper case, to have the indorsement of the transferor. (Civ. Code, sec. 3130.) Plaintiff has a perfect right to sue upon this note, as he had acquired by the transfer all the rights that his transferor had. (*Edwards* v. *Wagner,* 121 Cal. 376 [53 Pac. 821]; *Herman* v. *Hecht,* 116 Cal. 553 [48 Pac. 611]; *Mellor* v. *Bank of Willows,* 173 Cal. 454 [160 Pac. 567].)

▪ As to appellant's contention that there was no consideration, little need be said upon this point for the reason that it is clear from the evidence that appellant and Zalunardo, the joint makers of the note, were in business together, and that the sum of $700 was loaned to them ostensibly to be used by them in their business. The check

which is evidence of the loan and which was given to appellant and her associate bears their joint indorsement.

Appellant further contends that respondent's complaint was drawn upon the theory of a promissory note and a judgment was entered for money loaned. There is no merit to this point. The complaint was based upon a promissory note, which note was given for money loaned. The trial court's finding that money was loaned by plaintiff to the defendants Baima and Zalunardo does not in any way detract from the conclusion of the court. In fact, it tends to strengthen the court's finding that there was a valuable consideration for the note.

Appellant contends that findings Nos. II and III are not supported by the evidence. Such contention cannot be sustained, as there is ample evidence to sustain such findings and each of them. The findings fully cover all material issues raised by the pleadings, and each is amply supported by the evidence. The findings of fact and conclusions of law fully sustain the judgment rendered.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 2, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 31, 1930.