MORGAN *v.* HENRY BRICK COMPANY ET AL.

[No. 14,071.   Filed May 28, 1931.]

479

Ralph K. Kane, Gideon W. Blain and Robert Hollowell, Jr., for appellant.

J. Fred Masters, Charles L. Tyndal and Jackson & Hinchman, for appellees.

BRIDWELL, P. J.—This action was instituted by appellees, Henry Brick Company, Brightwood Lumber Company and Tuxedo Coal Company by a complaint in two paragraphs against the appellant, Joseph R. Morgan, —— Morgan, wife of Joseph R. Morgan, Jesse E. Everett, Charles M. Bolen and Pure Oil Company. The complaint seeks a personal judgment in favor of each of said parties instituting such action, against all defendants to the complaint and "each of them," and

the foreclosure of separate mechanic's liens held by the several plaintiffs bringing suit, on real estate alleged to be owned by the defendants to the action. The complaint avers that each plaintiff is a corporation "organized under and doing business by virtue of the laws of the State of Indiana," and each of the plaintiffs asks to recover a certain amount alleged to be due to it for materials furnished for the improvement of the real estate described in the complaint, by the erection and construction of a building thereon. The claim of each plaintiff is separately stated.

Joseph R. Morgan is the sole appellant, and, in closing the issues, he filed to each paragraph of the complaint his separate answer in two paragraphs (a) general denial, (b) an affirmative answer alleging, in substance, that he was the sole owner of the real estate upon which the improvement was erected; that he never at any time ordered, directed or requested the plaintiffs, or either of them to furnish materials for the improvement of such real estate; that he never had any agreement or contract with the plaintiffs or either of them to furnish any materials, nor did he consent to the furnishing of any material by the plaintiffs, or either of them, for any improvement on said real estate, and never did agree to pay for any such materials; that the materials referred to by the plaintiffs, and each of them, was furnished to the defendant, Jesse E. Everett, at the request of said defendant Everett, and were used by him (Everett) in the erection and construction of a brick building which is permanently attached to the real estate and not movable; that he (Morgan), on or about September 20, 1927, leased the real estate to said Everett for a term of years, and that the only right or interest Everett ever held in said real estate was as such lessee; that, on October 8, 1927, Everett abandoned and surrendered said lease, and he (Morgan) canceled the same; that, there-

after, on October 15, 1927, he leased said real estate to the defendant Charles M. Bolen, but still holds the legal title to the same. A reply in general denial to this second paragraph of answer was filed by the appellees bringing suit.

The court, by request, made a special finding of facts and stated conclusions of law thereon, which conclusions, in so far as they affect appellant's rights, are that each appellee who was a plaintiff below was entitled to a mechanic's lien on all of the right, title and interest of the appellant in the land and building described in the special finding of facts, and that such liens should be foreclosed. To each conclusion of law, the appellant at the proper time excepted. Motion for a new trial was filed by appellant, which motion was overruled and appellant excepted. Judgment was rendered on conclusions of law and appeal taken.

The sufficiency of appellant's brief to present any question for review is challenged by a motion to dismiss the appeal. It is urged, among other things, that it is not sufficient to copy the assignment of errors in the statement required by Rule 22 of the court, under the fourth clause of the rule requiring that the errors relied upon for reversal be stated. This objection is not tenable. All other objections made are of a similar character. The motion to dismiss appeal is overruled.

The errors relied upon for reversal are as follows: (1) Error in each of the conclusions of law stated by the court; (2) overruling the demurrer of appellant to complaint; (3) overruling motion to require plaintiffs to separately state and number in separate paragraphs the separate causes of action in the first and second paragraphs of complaint; (4) overruling appellant's motion for a new trial.

Appellant's demurrer to the complaint was for the reason and on the ground "that several causes of action have been improperly joined" in each paragraph of the complaint. No reversible error was committed in overruling this demurrer, as our statutory law (§364 Burns 1926) prohibits the reversal of any judgment for any error committed in overruling a demurrer for misjoinder of causes of action. *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681; *Rudolph* v. *Ayde* (1925), 84 Ind. App. 202, 149 N. E. 734.

As to the claimed error in overruling appellant's motion to require the separate causes of action to be stated and numbered in separate paragraphs of the complaint, we hold there is no available error, as it is disclosed by the motion that the question sought to be presented is the right of three separate plaintiffs, each having or claiming to have a separate cause of action for the foreclosure of mechanics' liens, to join as plaintiffs in one complaint. This question is properly raised by a demurrer to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. *Jones, Treasurer,* v. *Rushville National Bank* (1894), 138 Ind. 87, 37 N. E. 338, and cases cited.

Error in overruling the motion for a new trial is urged. One of the reasons stated in the motion is that the decision of the court is not sustained by sufficient evidence; another that the decision of the court is contrary to law. Our attention is called to the fact that it is alleged in the complaint that the plaintiff, Tuxedo Coal Company, is a corporation, while the evidence proves that this was the name under which one D. H. Moser, an individual who is not a party to the action, did business, and that the material for the furnishing of which a lien is asserted, was furnished by the said Moser, and not by the appellee Tuxedo Coal

Company, a corporation. Such appellee does not attempt to deny the truth of this assertion, and the evidence in the record, without conflict, shows such to be the fact. No mention of this is made in the court's special findings, hereinafter discussed, but there is a decision and judgment in favor of the plaintiff Tuxedo Coal Company. There is no evidence upon which this part of the court's decision and judgment can be sustained.

A summary of the special findings is as follows: On August 21, 1927, Joseph R. Morgan (appellant) was the owner of certain real estate described in the findings and located in Warren Township, Marion County, Indiana; that, on August 22, 1927, this real estate was leased to and occupied by a man named Scott, who had been given notice by appellant to deliver possession on September —, 1927; that appellant and the appellee Jesse E. Everett, on August 22, 1927, entered into a parol agreement by which appellant was to lease such real estate to Everett for a period of 20 years from September 1, 1927; that permission was given to Everett by appellant, on the day the agreement was made, to go on said real estate for the purpose of erecting a "filling station," and appellant told him to go ahead and do so; that, in a few days after the parol agreement concerning the lease, appellant and said Everett were together on said real estate and decided on the location for the building to be erected for a filling station; that, during the last of August, 1927, said Everett commenced the erection of said building and continued thereat until about the middle of October, 1927, at which time he quit work and abandoned the premises and the partially erected building; that appellant came out to where the building was being erected on an average of once a week; that, before the execution of any written lease, said Everett informed appellant that if he had the money to finance the labor until the building was completed, he

could get along all right and could get a loan, and that appellant then said "I'll see you through"; that, after this talk, Everett saw appellant each week, told him how much he wanted to pay the laborers who had worked for him in erecting the building, and, at such times, appellant gave him the amounts of money requested; that Everett purchased all the materials used in the building, and the bills for same were made out in his name and delivered to him; that the parties furnishing materials never said anything to appellant concerning the sale of same, but Everett informed him as to the fact; that appellant had no personal dealings with either of the appellees furnishing materials and did not personally order or request that any of the material for such building be furnished, and did not at any time promise to pay for any of such material; that the parties furnishing material made no inquiry of appellant as to who owned the land on which the building was to be erected, or as to whether appellee Everett had leased the same; that on September 20, 1927, appellant and said Everett signed and executed a written lease for the land on which the building was being erected for a term of 20 years, beginning September 1, 1927, by the terms of which Everett was to pay the appellant $50 per month rent in advance during the first five years, and $100 per month in advance, for the remainder of the term; that on September 20, 1927, appellee Everett was not the owner of the real estate on which the building was erected, except that, on said date, he entered into a *verbal agreement* with appellant to erect the building and to lease the building and the premises on which it was located for a period of 20 years from the first day of September, 1927; that Everett never paid any rent, never recorded his lease, and abandoned the premises about the middle of October, 1927; that appellant took possession of the building soon after Everett abandoned the same and

completed the building, using a part of the materials that had been furnished by the appellees who were plaintiffs; that said building was a valuable and lasting improvement to the land on which it was built and was attached to the land so that it became a permanent addition thereto. Other facts relative to the amount due from the appellee Jesse E. Everett to the appellees instituting the action, for materials furnished and used in the erection of the building and as to the filing of notice of intention to hold a mechanic's lien upon the premises described, are found by the court, but we deem it unnecessary to set out a further resume of the facts embraced in the special finding.

From the above summary of the facts, it is apparent that many evidentiary facts, instead of ultimate facts, are found, upon which the court based its conclusions of law that the appellees, who were plaintiffs below, are entitled to foreclose their several mechanics' liens against the real estate owned by the appellant. From certain evidentiary facts found an inference might be drawn that the appellant and appellee Everett were jointly interested in the erection of said building; or, that the written lease executed between them had been surrendered and canceled and that the leasehold interest of appellee Everett, by the lease created, had been extinguished, but this is not found to be a fact by the trial court, nor is there any finding that they (Everett and appellant) were engaged in a joint enterprise. This court cannot draw inferences from evidentiary facts and determine the existence of any ultimate fact. In *Taylor* v. *Canaday, Rec.* (1900), 155 Ind. 671, 57 N. E. 524, 59 N. E. 20, the court said: "The office of a special finding is not to state the evidentiary facts, that is, such facts as *prove* the existence of the ultimate or inferential facts. Such evidentiary and probative facts are to be considered by the court in

determining the existence of the substantive ultimate facts, but their statement in a special finding is improper." The Supreme Court of our state, in the case of *Horn* v. *Lupton* (1914), 182 Ind. 355, 105 N. E. 237, 106 N. E. 708, after quoting the above from *Taylor* v. *Canaday* continued as follows: "Of course, the 'court' referred to in the foregoing paragraph is the trial court. This court has no original jurisdiction, except ancillary. The law vests in the jury or trial court the exclusive power to determine facts, and this court has no power to infer the existence of an ultimate or inferential fact from evidentiary facts found, however logical such inference might be; and this is true if all the evidence be embraced in the findings." In passing on a finding of facts, to determine its sufficiency to support the conclusions of law, statements of evidence, or findings of mere evidentiary facts, must be disregarded as surplusage. *Bartholomew* v. *Pierson* (1887), 112 Ind. 430, 14 N. E. 249; *Horn* v. *Lupton, supra; Coffinberry* v. *McClellan* (1905), 164 Ind. 131, 73 N. E. 97.

The special finding in this case is defective in particulars other than as above stated. In finding No. 4, it is stated that a written lease was executed between appellee Everett and appellant for the land on which the building was erected for a period of 20 years from September 1, 1927, while, in finding No. 8, the court finds that on this same date said appellee "entered into a *verbal agreement*" with appellant "to erect such building and to lease the building and the premises on which it was located" for a like term. The finding is silent on the question of whether the real estate described in finding No. 1 is the same real estate described in the complaint, and findings Nos. 1, 2 and 4 are not in harmony as to the quantity of real estate owned by the appellant. In findings Nos. 9, 10 and 11, the court finds that each of the three several appellee lien-

holders "have valid and subsisting first liens upon the above described real estate and building so erected thereon," and that each is entitled to have said lien foreclosed, but there is no description of any real estate given in either of the findings, Nos. 9, 10 and 11, the only description of any "above described real estate" being contained in finding No. 1 while, in finding No. 2, the court expressly finds that appellant, prior to August 21, 1927, had sold and conveyed by deed all of said real estate mentioned in finding No. 1 lying south of the road known as "Pendleton Pike," and, in finding No. 3, it is found by the court that the liens of appellees who were plaintiffs had been released as to such portion of the real estate "lying south of Pendleton Pike." No description of the particular real estate on which the liens still exist is anywhere set forth in the special findings.

The finding of facts is so ambiguous and uncertain, and so defective in the failure to find ultimate facts that warrant the conclusions of law drawn, that we are of the opinion that the ends of justice may be best subserved by a retrial of the case.

Judgment reversed, with instructions to grant a new trial.